STATE OF MINNESOTA

COUNTY OF RAMSEY

DISTRICT COURT

FIRST JUDICIAL DISTRICT

Case Type: Personal Injury

Mother Doe 105 on behalf
of the minor Jane Doe 105,

Case No. _____

Plaintiff,

vs.

SUMMONS

Columbia Heights School District ISD #13,
St. Paul School District ISD #625,
Laidlaw Transit Services, Inc. a/k/a
Laidlaw Transit Management Company, Inc, and
Laidlaw Transit, Inc.

Defendants.

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to serve upon Plaintiffs' attorneys an Answer to the Complaint, which is herewith served upon you, within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This case may be subject to Alternative Dispute Resolution (ADR) process under Rule 114 of the General Rules of Practice for the District Courts. The court administrator or your attorney can provide you with information about ADR options and a list of neutrals available in your area. ADR does not affect your obligation to respond to the Summons and Complaint within twenty (20) days.



Dated: 10/10/07

JEFF ANDERSON & ASSOCIATES P.A.

*Patrick Noaker*
By: Jeffrey R. Anderson, #2057
Patrick W. Noaker #274951
Attorneys for Plaintiff
E-1000 First National Bank Building
332 Minnesota Street
St. Paul, MN 55101
(651) 227-9990

STATE OF MINNESOTA

COUNTY OF RAMSEY

DISTRICT COURT

FIRST JUDICIAL DISTRICT

Case Type: Personal Injury

Case No. _____

Mother Doe 105 on behalf
of the minor Jane Doe 105,

Plaintiff,

vs.

COMPLAINT

Columbia Heights School District ISD #13,
St. Paul School District ISD #625,
Laidlaw Transit Services, Inc. a/k/a
Laidlaw Transit Management Company, Inc, and
Laidlaw Transit, Inc.

Defendants.

Plaintiff, for her causes of action against Defendants, allege that:

## PARTIES

1. Plaintiff Jane Doe 105 is a minor. Mother Doe 105 is Jane Doe 105's mother and legal guardian. At all times material, Jane Doe 105 was a resident of the State of Minnesota.

2. At all times material, Defendant Columbia Heights School District, ISD #13, Plaintiff's resident School District (hereinafter "Resident School District") is a State of Minnesota public school district, that was and continues to be a non-profit governmental organization authorized to conduct business and conducting business in the State of Minnesota at 800 49th Avenue NE, Columbia Heights, MN 55421.

3. At all times material, Defendant St. Paul School District ISD #625, Plaintiff's providing School District (hereinafter "Provider School District") is a State of Minnesota public school district, that was and continues to be a non-profit governmental organization authorized to

conduct business and conducting business in the State of Minnesota at 360 Colborne Street, St. Paul, MN 55102.

4. At all times material, Laidlaw Transit Services, Inc. a/k/a Laidlaw Transit Management Company, Inc, and Laidlaw Transit, Inc. were conducting business in the State of Minnesota. All are incorporated in the State of Minnesota (hereinafter collectively known as "Bus Company"). The Bus Company has its principal place of business at 100 S. 5th Street, Suite 1075, Minneapolis, MN 55402.

## FACTS

5. At all times material, Plaintiff was a student within the Provider School District at Humbolt Junior High School. Plaintiff suffers from certain physical and psychiatric conditions requiring special educational accommodations by the Provider School District and Bus Company.

6. One of those special accommodations is that Plaintiff rides to Humbolt Junior High School on a specially designated Bus Company school bus that has a small number of other special needs students. Upon information and belief, this school bus was supposed to have one bus driver and one supervising adult.

7. On April 10, 2007, Plaintiff was sexually assaulted by a male student riding on the same Bus Company school bus

8. On a previous occasion, a bus driver employed by the Bus Company failed to drop Plaintiff Jane Doe 105 off and Plaintiff was reported missing. Local law enforcement agency were contacted and a request for a Regional Broadcast was issued on June 6, 2003.

9. Upon information and belief, there was no adult supervisor on the Bus Company school bus on June 6, 2003 or April 10, 2007.

2

10. As a direct result of Defendants' negligence and violation of 20 U.S.C. § 1681, Plaintiff has suffered and will continue to suffer severe emotional distress, shock, embarrassment, loss of self-esteem, disgrace, humiliation and loss of enjoyment of life, was prevented and will continue to be prevented from performing her normal daily activities and obtaining the full enjoyment of life, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy and counseling.

## COUNT I: DEFENDANT SCHOOL DISTRICTS
## NEGLIGENCE

11. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further alleges that:

12. Defendants Resident School District and Provider School District knew or should reasonably have known that Plaintiff was a vulnerable child in need of protection while she was in their care at school and while on the bus to and from school.

13. Defendants Resident School District and Provider School District had a duty to protect Plaintiff from harm while Plaintiff was in their care while she was at school and while on the bus to and from school.

14. By establishing and operating public schools, accepting the enrollment of the minor Plaintiff in this school, and holding the school out to be a safe environment for Plaintiff to study and learn, Defendants Resident School District and Provider School District entered into an express and/or implied duty to properly supervise the minor Plaintiff and provide a reasonably safe learning environment. Defendants Resident School District and Provider School District further assumed this duty by holding their schools and the buses to and from school out to the public, including the minor

3

Plaintiff, as a safe and secure environment for the minor Plaintiff.

15. The Defendants Resident School District and Provider School District breached their duties to the Plaintiff by failing to properly supervise the bus that Plaintiff took to and from school and by failing to protect Plaintiff from a known danger upon its bus.

16. As a direct result of Defendants Resident School District and Provider School District's negligence, Plaintiff has suffered and will continue to suffer severe emotional distress, shock, embarrassment, loss of self-esteem, disgrace, humiliation and loss of enjoyment of life, was prevented and will continue to be prevented from performing her normal daily activities and obtaining the full enjoyment of life, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy and counseling.

### COUNT II: DEFENDANT BUS COMPANY
### NEGLIGENCE

17. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further alleges that:

18. Defendant Bus Company knew or should reasonably have known that Plaintiff was a vulnerable child in need of protection while she was in its care while on the bus to and from school.

19. Defendant Bus Company had a duty to protect Plaintiff from harm while Plaintiff was in its care while she was at school and while on the bus to and from school.

20. By establishing and operating school buses for Plaintiff's school, Defendant Bus Company entered into an express and/or implied duty to properly supervise the minor Plaintiff and provide a reasonably safe environment.

21. The Defendant Bus Company breached its duties to the Plaintiff by failing to properly

4

supervise the bus that Plaintiff took to and from school and by failing to protect Plaintiff from a known danger upon its bus.

22. As a direct result of Defendant Bus Company's negligence, Plaintiff has suffered and will continue to suffer severe emotional distress, shock, embarrassment, loss of self-esteem, disgrace, humiliation and loss of enjoyment of life, was prevented and will continue to be prevented from performing her normal daily activities and obtaining the full enjoyment of life, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy and counseling.

## COUNT III - DEFENDANT SCHOOL DISTRICTS
## VIOLATION OF TITLE IX (20 U.S.C. § 1681) - SEXUAL HARASSMENT

23. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further alleges that:

24. Plaintiff is part of a protected class.

25. Plaintiff was subjected to unwelcome sexual harassment.

26. The harassment was based upon sex.

27. The harassment was sufficiently severe as to alter the conditions of Plaintiff's education and create an abusive environment.

28. One of Defendants Resident School District and Provider School District's officials with authority to take corrective measures had actual knowledge or notice of the sexual harassment.

29. Despite this knowledge, Defendants Resident School District Provider School District's official was deliberately indifferent to the sexual harassment and failed to adequately respond to the harassment.

30. As a direct result of Defendants Resident School District and Provider School

5

District's violation of 20 U.S.C. § 1681, Plaintiff has suffered and will continue to suffer severe emotional distress, shock, embarrassment, loss of self-esteem, disgrace, humiliation and loss of enjoyment of life, was prevented and will continue to be prevented from performing her normal daily activities and obtaining the full enjoyment of life, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy and counseling.

## COUNT IV - DEFENDANT BUS COMPANY
## VIOLATION OF TITLE IX (20 U.S.C. § 1681) - SEXUAL HARASSMENT

31. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further alleges that:

32. Plaintiff is part of a protected class.

33. Plaintiff was subjected to unwelcome sexual harassment.

34. The harassment was based upon sex.

35. The harassment was sufficiently sever as to alter the conditions of Plaintiff's education and create an abusive environment.

36. Defendant Bus Company contracted to perform transportation services for Defendant School Districts, governmental actors, thus Defendant Bus Company was performing a governmental function, jointly acting with the government, entwined with the government or subject to governmental coercion or encouragement.

37. One of Defendant Bus Company's officials with authority to take corrective measures had actual knowledge or notice of the sexual harassment.

38. Despite this knowledge, Defendant Bus Company's official was deliberately indifferent to the sexual harassment and failed to adequately respond to the harassment.

6

39. As a direct result of Defendant Bus Company's violation of 28 U.S.C. § 1681, Plaintiff has suffered and will continue to suffer severe emotional distress, shock, embarrassment, loss of self-esteem, disgrace, humiliation and loss of enjoyment of life, was prevented and will continue to be prevented from performing her normal daily activities and obtaining the full enjoyment of life, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy and counseling.

## COUNT V - DEFENDANT SCHOOL DISTRICTS
## 42 U.S.C. § 1983 CLAIM - VIOLATION OF CONSTITUTIONAL RIGHTS

40. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further alleges that:

41. Defendants Resident School District and Provider School District had a custom of failing to receive, investigate and act upon complaints of sexual misconduct.

42. There was a continuing, widespread, persistent pattern of unconstitutional misconduct by Defendants Resident School District and Provider School District's employees.

43. Defendants Resident School District and Provider School District were deliberately indifferent to the misconduct or its policymaking officials tacitly authorized the misconduct after the officials had notice of the misconduct.

44. Plaintiff was injured by acts pursuant to Defendants Resident School District and Provider School District's custom.

## COUNT VI - DEFENDANT BUS COMPANY
## 42 U.S.C. § 1983 CLAIM - VIOLATION OF CONSTITUTIONAL RIGHTS

45. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further alleges that:

7

46. Defendant Bus Company contracted to perform transportation services for Defendant School Districts, governmental actors, thus Defendant Bus Company was performing a governmental function, jointly acting with the government, entwined with the government or subject to governmental coercion or encouragement.

47. Defendant Bus Company had a custom of failing to receive, investigate and act upon complaints of sexual misconduct.

48. There was a continuing, widespread, persistent pattern of unconstitutional misconduct by Defendant Bus Company's employees.

49. Defendant Bus Company was deliberately indifferent to the misconduct or its policymaking officials tacitly authorized the misconduct after the officials had notice of the misconduct.

50. Plaintiff was injured by acts pursuant to Defendant Bus Company's custom.

WHEREFORE, Plaintiff demands judgment against Defendants individually, jointly and severally in an amount in excess of $50,000, plus costs, disbursements, attorney fees, interest and such other and further relief as the court deems just and equitable.

Dated: 10/10/07

JEFF ANDERSON & ASSOCIATES P.A.

By: Jeffrey R. Anderson, #2057
Patrick W. Noaker #274951
Attorneys for Plaintiff
E-1000 First National Bank Building
332 Minnesota Street
St. Paul, MN 55101
(651) 227-9990

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that sanctions, including costs, disbursements, and reasonable attorney fees may be awarded pursuant to Minn. Stat. § 549.211 to the party against whom the allegations in this pleading are asserted.

_____